123-0273 W.C. Bridget Doudle, appellee, v. Illinois Workers' Compensation Comm'n, South Berwyn School District No. 100, appellant, consolidated for oral argument only with 123-0722 W.C. South Berwyn School District No. 100, appellant, v. Illinois Workers' Compensation Comm'n, Bridget Doudle, appellee, Theodore Powers is attorney for the appellant, Stephen Seidman, attorney for the appellee. Thank you. Mr. Powers, you may proceed. Thank you, your honor. May it please the court, counselor, my name is Theodore James Powers and I represent the appellant of the South Berwyn School District No. 100 in these two appeals. As a quick overview, both appeals stem from a workers' compensation claim filed by Ms. Doudle. The school denied the claim was compensable under section 11 voluntary recreational program exemption. The arbitrator denied the claim and the commission affirmed the denial. Ms. Doudle then filed a judicial review with the circuit court. The circuit court reversed the decision with a remand to the commission on January 20th of 2021. It was on remand while the matter was remanded back to the commission from which the relevant facts for this appeal come from. Although remanded in January of 2021, the commission never set the matter for a review hearing as required under its own rules. In fact, nothing occurred for eight months when I emailed the commission's assistant requesting status of the remand and attached a copy of the circuit court remand order, even though it should have been sent by the appellee's attorney and as well as the circuit court under section 19L. I was advised at that point that the commission would set this matter for hearing or for review, but in the same breath, I was advised that there would be no hearing or briefs as the remand cases are set for discussion only among the commissioners. And then they would get a decision filed. And just as an aside, there's nothing in terms of commission rules regarding the handling of a remand decision other than the fact that the rules provide that a decision on remand will be treated the same as any other review at the after the email communications in September of 2021. Three months later, I again wrote to the commission on January the 6th requesting a status. And at that point, the case had been at the commission for a year on remand, and I received no response whatsoever. Instead, the commission filed its remand decision on January the 26th, 2022, and delivered it electronically under its relatively new eNotification system and rules. Admittedly, I did not see the electronic delivery of the decision until May the 4th, 2022. And I should note that our office to receive notifications from the commission as well missed that electronic delivery of the remand decision. With this backdrop, I took two actions. I filed a new judicial review on May the 11th, 2022, and based on the receipt of notice on the remand decision on May the 4th, 2022. And because we're dealing with a circuit court remand order, I also filed a motion for a final adjudication for the prior judicial review filed by Attorney Seiden. Counsel, what's the significance of the date May the 4th? May the 4th is a date that I actually received notice or learned of the decision. Open the same page. It was filed, obviously, on January, I think, 26th. That was a little bit over two weeks after I had asked what's going on and didn't get a response. I never saw it. Our backup in the office never saw that decision come through, never read it, and learned of it on May the 4th. So that's the basis for the filing. When you say learned of it, when did you receive it? I don't want to know when you learned of it. I want to know when it was received in your office. It was delivered through the electronic system on January the 26th. And the application for judicial review was never filed until when? May the 11th. And again, based upon the electronic system, it's only a delivery system. There's not a read receipt. There's no type of receipt, which becomes important for our discussions in terms of the receipt where we look at 19F and what triggers the notice of receipt so that we can trigger that 20-day time period in which to file a judicial review. So there's got to be some mechanism, from my view, and there has been a mechanism at the commission prior to instituting the electronic system under the Uniform Electronic Transaction Act. Prior to that, they had always provided notice, registered mail, certified mail, through certified mail, where there was a clear representation of one, the document, the decision, whether it was an arbitrator decision, a commission decision, there was always the green card, the certified mailing card, so there was receipt. Under the electronic system, it just goes through the administrator, the third-party administrator, and delivers it. To your email. Council, at this point, can you explain to us your understanding of what notice under section 19F is? Well, receipt is not just notice. It's called receipt of notice. And I look at it in terms of the statutory scheme, because you're not just looking at 19F, but you're looking at how the commission is going to provide notification to the parties of that decision so that you ensure that there's due process, that there's notification that the parties receive it. And so you look at 19F, talking about receipt of notice, and there's not a case, per se, that's directly on point as to what constitutes receipt of notice, at least not that I could find. Unless I'm missing something. You conceded that notice was received in January. You just didn't see it. I'm sorry, Judge. And this is where I'm going to disagree. It was not received. It was delivered on an email electronic system. It was not received. It was delivered. And we can take What is the difference between received and delivered? If I don't see it, if I don't get it, as an example, under the old system of the commission practice, when I got a certified mail and that came in, it was received because we signed off that we got it. I didn't get it. To whom was the receipt important on certified mail? Yes, you signed it, that you got it. And that receipt then went back to the sender. Am I correct? Correct. And then they had a record of it. Well, why do they need a record? I mean, they've got a record apparently on this electronic server that shows that they sent it. They sent it, not that I received it. Hold on. You keep saying not that I received it. Was it received in the office of your firm? Judges, I'm not trying to dance around this. I'm being very honest. No, you are trying to dance around it. Get to the point. I'm not. Was it on the electronic equipment of your firm in January? Correct. It was on. So it was received in the system. You just didn't see it. No bell notice requirement. And as I was trying to discuss earlier, that the way the commission used to provide it was through certified mailing. And there was a reason for that. You had to have something to determine that the 20 days are triggered. So you needed a receipt date. And under the old system, section 19 I, which is still on the books, required that you had to provide, the commission had to provide under statute, that decision via either personal delivery or via registered mail, which I'm going to interchange with certified mail. The commission followed that system for many years. And then we had two things happen. We had budgetary problems. And then we had the issue where they had a TA statute for providing notice. The question becomes, if you read the Uniform Electronic Transaction Act, it provides mechanisms for providing notices on these court pleadings that come through. You get appearances. You get a motion. You get whatever. They all come through on that electronic fence. However, when you're looking at that electronic notice, that act specifically states that if the underlying statute provides a different method, then you have to do it in the method for the underlying statute. And what we have here is the underlying statute of the Comp Act is saying that notice comes through 19 I. Counsel, let me stop you there. Are you familiar with the case of Connelly versus Industrial Commission? It's a third district case, and they seem to have yet rejected this very argument. Connelly, no, Connelly had discussed, Connelly was the case that I believe, Judge, dealt with a DWP and whether you had to give certified mailing notice or personal delivery notice for a DWP order. And Connelly ended up saying that for that type of dismissal order, that 19 I service was not required. However, you must distinguish that a DWP order is not a decision on the merits. Did Connelly make this distinction with the DWP order? Yes, they actually talked about, and I talked about it in my reply brief, Judge. It talked about 19 B has to be done through 19 I notification. 19 B language and 19 E language is identical in terms of decisions being sent out under 19 I requirements. I'm of the opinion, as we sit here, that the biggest problem that the Commission has is that they may have implemented this electronic system, and it may be a good system in many regards. You can't ignore the statutory requirement for providing notice, and section 19 I makes it clear. Now, if there was a problem with that, then they should have adjusted the statute to allow for electronic notification as opposed to section I notification. Now, doesn't 19 I speak to the parties? I don't know that the language specifically addresses the Commission with regard to mandates as to how the notice should be sent. I believe it mentions each party upon taking any procedure step whatsoever before the arbitrator or Commission, the parties. I believe the 19 I language is fairly clear. I'm looking exactly for the language. 19 I, if I may, Judge. Each party upon taking any proceeding steps whatsoever before an arbitrator or Commission shall file with the Commission his address or name and address of any agent upon whom, and that's the registered mail. Upon whom they get the notice. Is the Commission a party? No, but they're talking about that the parties are required to provide to the Commission, either if you're, you know, pro se or whether you have an attorney, an agent, that you have to provide your name and address so that they can send notices based upon that information that you're getting. So, 19 I, I mean, again, there is a problem with the Uniform Electronic Transaction Act and the Commission's adoption of it only because that act specifically provides that if the statute, underlying statute provides a different method of service, then you must follow the underlying statute. Counsel, with all due respect, I think you did dance around Justice Holdridge and my question, and that is section 19 I, the plain reading of the language seems to speak to the parties, not the Commission, mandates the parties, not the Commission. What's your answer? No, I think Conley specifically talks about decisions of the Commission must be sent via the registered mail because I think what happened in Conley, he initially argued, and I'm sure of this, he initially argued that he should have been given to him personally, and then when it was at oral argument, he then raised at the Commission regarding, he raised we should have gotten it via certified mail, and the county court, the appellate court then said, we're going to take it anyway, even though that issue was waived, and they talked about when the Commission has to provide 19 I service. That's how I'm interpreting Conley, and the only, and what I did with that argument was that that was dealing with where the county court raised as an example a 19 B decision, which would be an arbitration decision, that that requires 19 I, and then if you look at my reply brief, I meant, I didn't put actually on the same page, you can see the language for 19 B and 19 E, it's the same language in terms of what the Commission has to do. So, based on that. Your red light is on, Mr. Powers. So, you'll have time and reply. I appreciate it. Thank you very much. Thank you. Mr. Seidman. May it please the court, Mr. Powers, as I've told Mr. Powers before, this case makes me sick to my stomach. And I make no bones about that. This is a new day and age for all of us. We have to navigate it. But the fact is, as much as I respect and like counsel, I can't just agree to waive jurisdiction because nobody could waive jurisdiction, of course. The fact of the matter is, is that decisions used to be sent certified mail, decisions are not sent certified mail anymore, they're sent electronically. Now, let me get to that point. Yes. Mr. Powers gave an explanation as for the reason for certified mail. Right. For this electronic system. And what do you understand the reason for the certified mail process was? Well, predating all of this, the exact reason was so people would get receipts, so that receipts could be proven. To whom was this receipt going? The receipts actually would be signed by the parties of a decision. And in the old days, Alice at the front desk of the commission used to have a sign off that we received it, and ultimately it went to the commission. So that's where it went, Your Honor. And what was the purpose of that receipt? I presume, and all I can do is presume and assume, but they know what you say, what they say about assume. The fact of the matter is, in case somebody said they did not get the decision via United States Postal Service, in that particular case, the commission, the party could go to the commission, get a copy of the receipt and say, yes, they did. And here's the signed copy. And this is when the 20 days started to run. Mr. Powers added to that explanation that the receipt served a purpose within the office, not the furnished offices, to start calculations. Respectfully, I would disagree, and only for this reason, because the commission did not have the people power to be able to actually record exactly when those certified receipts were back in the day when we used to sign off. They kept them in case the parties, and in fact, that's what 19A talks about, had an issue with the proof aspect of it. And really, the receipts never served a purpose for the attorneys, other than if the attorneys were challenged. Is that correct? Yes, that is correct. So it didn't serve a purpose of notifying the attorneys. It just, I would say that's correct, Your Honor. I think the purpose was so the attorney could later say that if the appeals were not processed or appealed timely within the specific time. And that's what 19A and 19I envisioned. And I could go on a diatribe here because, you know, DWPs, even though there's a year to refile in the circuit court civil practice, we don't have that under Connolly at the Workers' Comp Commission, nor is there any mechanism or never had been a DWP. Additionally, nowadays, we all know decisions of the arbitrator. And of course, as we see here from the Illinois Workers' Comp Commission, are actually not accorded a return receipt. And in fact, 19I, and it's unfortunate, Judge, and it gives me no sense of satisfaction to say that 19I doesn't help respondents attorney here, because there was under the rules, the actual receipt of the document, if counsel, for instance, said that the document was not received, that his system didn't pick it up. Now, I know there's a difference here between what counsel is saying is received, and actually into the system, because I would contend that receipt means when it's in the system, and there's no denial that indeed, the document was received within the system. And, you know, frankly, we see this now with the electronic filing of lawsuits, and there's a second district case that said that a fellow who filed a complaint, an attorney did not put his ARDC number on the complaint. And in fact, it got dismissed in the appellate court in the second district, it was Judge Smith, the appellate court recently affirmed that that technical error, even though it was in line for filing, even though it hit the electronic filing system. And I think your honors that we're going to see a litany of these type of situations occur. But the fact of the matter is, if the rules are followed, and things are done, according to Hoyle, there's not much that anybody could do other than to make sure they're checking their systems. And this has given me pause, this particular case, and actually has caused insomnia for me, because if something goes in the junk or spam, you better find it. And I'm sorry to say that that's where we sit in today's day and age. So unless there's questions, I'll rest on my briefs as to the cut law and the other matters raised by the respondent. Well, I have a question. Maybe commentary, I think your last point is, is concerning to all of us. But there seems to be two separate views of how to interpret Connolly floating around in this argument. So Connolly interpreted Section 19. I is applying to the parties as I read it. How do you understand it? And can you address Mr. Powers argument that it does now? I believe it firmly goes again to the parties. And in fact, even the plain language is upon whom the parties personally sued or served. In my view, it applies to the parties. And when we say that, it applies to the parties in this situation, because it is a matter of proof for the parties back in the day to get the certified mail to be able to prove when receipt was established. Here, all we have to do is go to the commission to see when it was sent, and whether or not it was rejected back through comp file to comp file. So there is no necessity anymore for that. It applies to parties, your honor, in my view, as Connolly, in my view holds. Are there any other questions from bench? Thank you, Mr. Seidman. Thank you very much. Mr. Powers, you may reply. Thank you, your honor. Just briefly. When we're talking and I have in my main brief for the 2022 judicial review filing, sort of the latter appeal, we talk about, you know, what receipt of notice means under the 19F. There's nothing on point as to what those words and statutorily what they mean in terms of 19F. And I have cited that when you talk about receipt of notice, it's a legal turn of art. And generally, it means receipt in terms of receiving it via mail, via delivery, either personal service or via some type of certification. So you can demonstrate that. So when you look at 19F as to what constitutes receipt, there's nothing, you know, under the Workers' Compensation Act would demonstrate that receipt of notice applies electronically other than the commission's adoption of the electronic delivery system. And then you have the problem with the electronic system not or making it very clear that if the underlying statute says otherwise. Now, there's discussion as to what 19I means. You have to provide, if you're a party or an agent of a party, the commission with good information. So they start off that provision by talking about, you have to provide us with your name and your address, current information, so we can send proper notices to you at those places. And so what happens is, and in a lot of cases, and it may not be exactly on point, you will have the attorney move, didn't send, change of address, notice of a decision from the commission, which they're required to provide. And again, under Connelly, will then sit there and they'll send it to an old address. And then the attorney says, I never received it. Well, you were required under I to provide an information so the commission can provide the appropriate notice via certified mail or personal delivery. So I think you can't just look at it as 19I only applies to the parties. You have to provide information if you're a party so that the commission can provide the requisite notice of a decision that they have rendered, whether it's an arbitration decision. Am I understanding your argument taken to its logical conclusion, the commission is not authorized to send out decisions via electronic means, it must be either personal or certified mail, because that is what the statute requires. The statute requires it, that is exactly what the Uniform Electronic Transaction Act requires. So they're not authorized to send their decisions out by electronic means. Now, there are a lot of ways that you can send out notices on various pleadings and court pleadings and documents. But if the underlying statute requires another method, you have to follow that method. Mr. Power, just trying to answer the question, it's really an easy question. Okay. Is the commission authorized to send out its decisions by electronic means? And does the sending of that trigger the 20 days? I thought I was answering that, Mike. My answer is no. Okay. That's all you have to say is no. Yeah, I apologize. I thought I was elaborating without first saying no. Now, Mr. Powers, let me kind of make the language a little more clear. The decision itself, the notice says, I think in the system, that there is a decision that's been now published publicly on the system, correct? It came in, actually, the way the decision came through, and I talked about, there's a link. Again, it's a simple question. Is the system, it posts on the system, the decision, yes or no? It's in a link, Judge. Yeah, well, that's on the system. It's on there, but you have to open it. Okay, thank you. Let's stop there. So really, what we're talking about is to your office, to your email, a notice, then the notice says, it has been posted, and here's the link. Is that correct? The link is on there. That's right, on the notice, correct? Your Honor, but here's the problem with that, because I wish it was that simple. It would be great if it was like that decision's right there. They post it, first of all, with the old work comp number as opposed to the commission number, and then the rules provide that the link is not part of the decision, even though the decision is on the link. So that's a little bit confusing as well. It's really not that clear. I think what's clear to me is that 19I is the method that is required, unless they change the statute, to allow for electronic, because as it stands right now— And that's because of the language in this Electronic Act that says, what again, Mr. Powers? Under the Electronic Act, it states, and it's going to be broken down, just give me one second. Sure. If a law other than the Act requires a record to be sent, communicated, or transmitted by a specific method, the following rules apply. The records must be sent, communicated, or transmitted by the method specified in the other law. And what is that method, from your understanding? That method is 19I. Yeah, you know, I'm not an accountant. Don't give me numbers. What's that method? That method is either personally or via certified mail, registered mail. Okay, thank you. It's also in the brief. I don't want it to be lost, and maybe I missed it, but with regard to the confusion of the commission's notice, it does state in the subject line that a decision has been filed. You indicated there was some confusion about an old case number, but the case number is listed in the subject line with the term, a decision has been filed to alert practitioners that the decision has been filed, if you click on the link, or the email. I agree with that, but then you have to look at the rules, which talk about that the link is not part of what the notice is. And I understand. It's a little bit confusing. And I got to be honest with you, when I looked at the language, and I looked at 19I, 19I is consistent with showing receipt. Mr. Seidman talked about how we used to always run over and check those green cards, the certified mailing cards, to show when it was received, and you never saw these types of cases. But the problem is that, from my view, the commission didn't get their ducks in line when they decided to adopt the electronic notification. You can do it. All you have to do is change the statute, but you didn't do that. Your statute is saying one way, and you're doing it in a different manner. Well, the commission cannot pass rules that contradict the statute. Correct, but they should have probably then gone to the state legislature and said, we got a problem here, we want to do electronic, but 19I is a problem. So, your position is that the electronic sending of a notice is no notice under the act? Correct. Okay. And just to bring it all together, for your argument to be successful, we've got to accept the fact that 19I speaks to the commission and not the plain language of each party, and we have to sort of apply your interpretation of Conlon. Is that a fair statement? Yes, I think that's the correct interpretation of both the statute and of Conlon. Well, let me try in my mind to clarify this. The adoption of this Electronic Communications Act, for lack of a better term, by the commission was insufficient as to giving notice of a commission's decision. Is that really what you're saying? Yes, Your Honor. And so that, because of that language in the Electronic Act, that the commission had two things that it could try to do, change the statute, or say, as to commission decisions, we cannot go and adopt the Inter-Electronic Act, right? Correct. Okay. And that is consistent with the history of the commission, in terms of sending all the decisions, arbitrations, decisions, commissions, decisions, certified mail in the past. As a matter of fact, I talked about the form for request for hearing for arbitration, actually still has on it that a decision is going to be sent certified mail. Now, obviously, it doesn't apply now, but they haven't changed their form, but it's still on the form. That was the practice, and they were following, from my view, if you look at how they're viewing it, that was consistent with 19-I, how they had to give notice. Thank you. Thank you very much. And well, any other questions from the bench? Okay. Well, thank you, counsel, both for your arguments in this matter this afternoon. It will be taken under advisement and a written disposition shall issue.